We're ready when you are. May it please the court, my name is Tom O'Hara. I'm here on behalf of the appellant, Mary Beth Mantiply. I want to start out with the Supreme Court statement in Baker v. Botts, Baker-Botts v. Osarko, where they say whether or not awarding fees is desirable as a matter of policy, Congress has not granted us roving authority to allow counsel fees whenever we might deem them warranted. Our job is to follow the text, even if doing so will supposedly undercut a basic objective of the statute. The relevant inquiry here is whether the attorney's fees at issues constitute actual damages, period. The statute does not define actual damages, so we have to go to the basic meaning of what actual damages are. And under Hornbook law, actual damages are to compensate for the injury, to compensate for the injury, not to pursue a claim for damages. This court remanded the appeal of this case to the district court for consideration of issues of entitlement and the amount of attorney's fees and expenses, if any, to be awarded. The district court did not consider the issue of entitlement and the question of actual damages under the statute. The district court said that its hands were tied by the law of the case, that this court had already decided as a matter of law that attorney's fees for the appeal were compensable for an injury as actual damages. I don't see that anywhere in the record that this court had decided that issue. The district court, excuse me, the statute says that the recovery of actual damages including attorney's fees provides for the recovery of actual damages including attorney's fees, not actual damages plus attorney's fees. And I think what's occurred in the case law and in the district court's reasoning is that even though the plain- But counsel, when you're talking about violation of a stay, what you're talking about is usually something legal has happened. So somebody has tried to restart the litigation when they're not supposed to. Aren't actual damages for a violation of a stay typically attorney's fees in themselves? There really aren't other damages you really get for violations of stay other than attorney's fees. Well, in this case, the court awarded damages for mental anguish. There was mental anguish testimony given at the bankruptcy court. So part of the judgment was for the mental anguish, emotional distress. There's also punitive damages that the statute explicitly and expressly provides for punitive damages. You know, what was the degree of conduct? So I would say that the damages that are compensable for the injury under the statute include mental anguish, the typical types of damages that I just talked about, including punitive damages. And Congress then said actual damages including attorney's fees. But if they didn't mean to include attorney's fees, why does it say including attorney's fees? Well, they did mean to include attorney's fees to address the injury, which is the violation of the stay. So the question is when did the violation of the stay? What attorney's fees were necessarily incurred to stop the violation of the stay, which is the injury? And in this case, the stay, the violation of the stay stopped when Ms. Manaply notified the Mobile Circuit Court that it should go ahead and dismiss the action with prejudice. And that occurred, let me see, November 3rd of 2011. So any attorney's fees that were incurred, and there were attorney's fees incurred up to that point, to rectify the issue of the violation of the stay, those would be compensable. We don't disagree with that under the literal interpretation of the statute. And because of the Supreme Court's admonition that regardless of the purpose of the statute, this court has to enforce the literal text. And what we see and what's been argued in this case is that, well, you know, if a debtor has to incur fees for an appeal to the district court and an appeal to this court and to this court, well, that's a continuing injury. And that distorts the meaning of actual damages. Actual damages is not defined by the statute, as I've said, and it's Hornbook law. It's to redress the injury, not to pursue a claim for damages. And all the fees that have been requested that are on appeal are to pursue this claim for damages. Now, even assuming this court ruled as a matter of law that actual damages include the cost of this appeal, of the appeal to this court, there's a question of burden of proof. Actual damages have to be proven. They have to be proven by admissible evidence. This is not a fee-shifting statute where if you prevail at the end of the case, you just present your attorney fee statements and say this is what we should be awarded, or you present your contingency fee agreement and this is what you should be awarded under the Lodestar method. There's been an absence of proof with respect to whether Mrs. Horn was legally obligated to pay these fees. And the statute itself says that the attorney's fees, the actual damages are to the injured party. This is not an award to the attorneys as a prevailing party. This is actual damages to the injured party. So Mrs. Horn has not presented any affidavit that she is obligated to pay these fees. Is there something different about the statute than the way payment of attorney's fees usually works? Because typically the process for getting attorney's fees is to submit the fees and bills to the court for their consideration and determination if they're reasonable. And there doesn't seem anything that happened in this case that's unusual in terms of how district courts routinely deal with issues of people seeking to recover their attorney's fees. So what is different about this case than the way it's handled kind of across the board? The difference is the language of the statute that authorizes attorney's fees as actual damages. This is not a typical case in which attorney's fees are shifted to the prevailing party. In that instance, we wouldn't be here. We wouldn't be arguing this. Congress chose to use the words actual damages, including attorney's fees. So attorney's fees, Congress included as a subset of actual damages. But the defining guideline is what constitutes actual damages. So the courts that have addressed this issue have said that there has to be affirmative proof that the obligation is owed by the injured party. This is to redress the injured party for actual damage to the injured party. And the testimony that they point to as proof that the horns are obligated to pay this fee that is out of proportion to the $30,000 that was awarded as compensatory damages for the actual injury is testimony not from the adversary proceeding against Ms. Manaply. It's testimony regarding the motion to vacate the discharge that was filed by a separate attorney, not Ms. Manaply. So the testimony from the hearing on the motion to vacate the discharge where Mr. Horn says he looks at some statements or Ms. Horn looked at some statements and then Mr. Horn gets on the stand and he says, yeah, I heard what my wife testified to and we're obligated to pay those fees. Those were fees incurred in connection with a motion to vacate the discharge filed by a separate attorney. They have no application to the adversary proceeding for violation of the stay. So when I talk about the burden of proof, which it is their obligation to prove these attorney's fees were owed by Ms. Horn, there's nothing in the record. And I see that my time is expiring here. So if there's any other questions, I'd be glad to ask them. Otherwise, I'll wait for a rebuttal. There aren't. And we'll hear now from Mr. Smith. Thank you, Your Honor. First, I want to take issue, if I may, with a few of the things which I'm I beg your pardon. May it please the Court. I'm Charles Michael Smith and I represent Ms. Horn. But I would like to take issue with a few of the things that Mr. O'Hara just stated before actually getting into my argument. First, his argument that he made that attorney's fees are limited to stopping the stay and the analysis which he went through with regard to the actual damages requirement. All is from a case called Sternberg v. Johnson. It was a Ninth Circuit case. And it basically held just that. It said, went through a similar damages analysis and then said, okay, well, the way we interpret this statute, you can't get attorney's fees past the time the stay violation stops. That case was so roundly criticized that the Ninth Circuit itself overruled that case. And the Swartz-Talloran case. And they specifically say, yes, under that statute, under 362 K1, that the attorney who represents the debtor who's been injured by a willful violation of the stay is entitled to the attorney's fees that are earned all the way through the appellate process. Not only just the damages section, but all the way through the process. The problem that bothers me about that, and Collier is more explicit about it than Judge Watford's opinion for the Ninth Circuit, is that if you say, well, actual damages includes whatever cost it takes to pursue it and to defend the judgment on appeal, and then to attorney fees on attorney's fees, then every cause of action you have to recover actual damages under that rationale includes attorney's fees. And that's not the way the American rule functions, and that's not the way the attorney's fees law is. This is a fee-shifting statute, Your Honor, or at least . . . Yeah, but the question is, how far does it shift the fees? I think it shifts the fees, Your Honor, as far as the person or the entity that violated the stay wishes to push it on appeal. Because the only way the statute works, Judge, in making the debtor whole from his loss is if his fees get paid. That is true of every statute providing for damages. Yes, sir. That is true of every common law tort. The injured party is not made whole unless they get attorney's fees, yet the American rule is they don't get attorney's fees. So typically, traditionally, in the standard practices, they're not made whole. But the bankruptcy code intent, I think clearly, and if you look at the case . . . Where's the intent? I mean, where does it say we intend this to authorize fees on fees? I think we have cited the court in our brief cases on fees on fees that . . . No, but the bankruptcy code doesn't say this includes fees on fees. Well, it . . . No. I mean, what the code says is that a person injured by a willful violation of the automatic stay is entitled to actual damages, including attorney's fees. Including modifies actual damages. It relates to it, I think. Yes, sir. The actual damages is from the violation of the stay. Well, including fees is to get the violation of the stay remedied. And to pursue damage actions if the case warrants it. You know, 1988, which is the basis, I guess, dollar amount for more attorney's fees than anything in the federal system, says in any action or proceeding to enforce a provision of . . . And then there's a plethora of statutes cited, including 1981 and everything else. The court may allow the prevailing party a reasonable attorney's fees as part of the cost. That's not what this says. It doesn't say that in an action to enforce the stay provision, the court may allow the debtor, if he or she is the prevailing party, attorney's fees. No, sir. That particular statute, I agree with you, it does not. But what it does or what it requires is an injury to have occurred to a debtor or another party as a result of the violation. If you prove you have been injured by willful violation of the stay, then, yes, you're entitled to recover. And I think you get your . . . are entitled to get your fees for as long as the person who . . . or the stay violator wishes to appeal, which is the issue we've had in this case. Counsel, on page 9 of your red brief, you cite the Norelis v. Denny's, Inc. case. Yes, ma'am. What is your position regarding that case? That case was cited, as I recall, Your Honor, for the purpose of demonstrating that in this circuit there were numerous examples of the court authorizing fees on fees. And the . . . I think there was a quote from the sheet metal case in there which said that normally fee shifting statutes include fees on fees because that's the only way you can maintain the purpose of the statute. I think the relief from stay statute is the same. As a matter of fact, we looked at every case that had had the issue come before it or tried with regard to the fee shifting aspect of 362 K1. And since the Asarco case came out, Your Honor, that I think you were looking at, the . . . there's been one circuit level decision that held 362 K to be a fee shifting statute. And that's Swartz-Talloran case, the Ninth Circuit case that overturned Sternberg. There are five additional bankruptcy court cases that have ruled the same since Asarco came out. And that was every one we can find. And prior to that, and as the court in Swartz, the Ninth Circuit pointed out, the . . . They had not found, at the time they overruled Sternberg, another case in the country other than their decision. And for that reason, they were withdrawing it to bring circuits into . . . basically into harmony. Now, the First, the Fifth, and the Ninth all have the same law. The only . . . well, going back to Sternberg. They said the only other case they could find anywhere which had held 362 K to be a . . . not be a fee shifting statute was the City of Philadelphia case. That one is distinguishable because what he says about . . . the judge in that case says about Baker-Botts, it's basically speculation because there was no damages that they found that the debtor had suffered in the stay violation. And without that initial injury from the stay, there's nothing to trigger the rest of the statute or the damages aspect. But, Your Honor, to . . . I think to acknowledge or for the court to adopt the appellate's theory, you're going to have . . . you would have to create a break in the circuits or a split in the circuits. There . . . you would also be abrogating a huge overwhelming body of law at the bankruptcy court and at the district court level because the cases are overwhelmingly in favor of appellate fees and treating 362 as a fee splitting statute. I think we got that, Mr. O'Hara. Anything else? No, sir. Thank you. Okay. We'll take that case under submission and stand in recess until tomorrow morning. Thank you. Mr. O'Hara, did I cut you out of rebuttal? Your Honor, I thought maybe you didn't want to hear it from me again. But, apart from that issue, would you like your rebuttal time? Thank you. Left you early.